IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| KAREN LYNN ZAKARIAN, | ) | CV. NO. 08-00368 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OPTION ONE MORTGAGE | ) | |
| CORPORATION aka AMERICAN | ) | |
| HOME MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's motion and the supporting and opposing memoranda, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Summary Judgment.

BACKGROUND

Plaintiff contracted for the sale of property at 1430 Hunakai Street, #4, Honolulu, Hawaii 96816 (the "Property") on November 17, 2005. On January 30, 2006, Plaintiff applied for and received two loans from The Funding Group, Inc., a Nevada corporation. The first loan for $408,000 was secured by a first

mortgage ("First Mortgage") on the Property. The bulk of the proceeds from the First Mortgage were used to pay off Plaintiff's existing loans and closing costs and the remainder was used to purchase the fee interest.

The second loan for $102,000 was secured by a second mortgage ("Second Mortgage") on the Property. The proceeds from the Second Mortgage were used to purchase the fee simple interest in and to the Property from Kamehameha Schools. Both the First and Second Mortgage were recorded at the Bureau of Conveyances of the State of Hawaii ("Bureau") on February 7, 2006.

On February 3, 2006, The Funding Group assigned both the First and Second Mortgage to Defendant Option One Mortgage Corporation ("Option One"). Subsequently, Option One assigned the First Mortgage to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-2 Asset-Back Certificates, Series 2006-2, a Minnesota corporation ("Wells Fargo"), by a document executed on April 24, 2007, and recorded at the Bureau on May 10, 2007. Wells Fargo is still the holder of the First Mortgage. Option One is still the holder of the Second Mortgage.[1]

---

[1] When it received the assignment of the Second Mortgage, Option One was a California corporation. In July of 2008, American Home Mortgage Servicing, Inc., a Delaware corporation ("AHMSI"), purchased the servicing rights and trade name, "Option One Mortgage Corporation." Thereafter, Option One changed its name to Sand Canyon Corporation.

On March 29, 2008, Plaintiff sent a letter to Option One, attempting to exercise her right to rescind the First and Second Mortgages. After apparently not receiving a response, Plaintiff filed a Complaint on July 18, 2008, stating that Plaintiff was not provided with the credit term disclosures and notice of right to cancel, which is required by the Truth in Lending Act ("TILA"), 15 U.S.C. 1601 et seq. as implemented by 12 C.F.R. 226 ("Regulation Z"). This failure to disclose, Plaintiff concludes, improperly denied Plaintiff the right of rescission. As a remedy, Plaintiff seeks: (1) the refund of all interest charges and closing costs; (2) the immediate halt of the foreclosure auction of the Property; and (3) a new mortgage from "the lender". (Pl.'s Compl. attached as Exhibit A to Def.'s Motion for Summary Judgment.)

On June 2, 2009, Defendant filed a Motion for Summary Judgment. (Doc. # 20.) On July 10, 2009, Plaintiff filed a Memorandum in Opposition (Doc. # 26), and on July 20, 2009, Defendant filed a reply. (Doc. # 27.)

## STANDARD OF REVIEW

I.   Motion for Summary Judgment

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial -- usually, but not always, the defendant -- has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256

(1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence'" must be produced.  T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  Id.  However, inferences may be drawn from underlying facts not in dispute, as well as from

disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

I.  First Mortgage

TILA provides that a consumer has the right to rescind, among other transactions, a consumer credit transaction in which a security interest is retained on the consumer's home. 15 U.S.C. § 1635(a). This right extends until the third business day after the later of two dates: the date on which the transaction is consummated, or the date on which disclosure and rescission forms are delivered to the consumer. Id. If the creditor fails to deliver the forms or fails to provide the required information, then the right to rescind extends for three years after the transaction's consummation. Id. § 1635(f); 12 C.F.R. § 226.23(a)(3). Plaintiff's allegation that its right to rescind was not properly disclosed is sufficient to bring into play, for purposes of the present motion at least, the extended three-year rescission period, which in this case expired January 30, 2009. (Def.'s Motion for Summ. J. Ex. D at 1.)

When Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability. Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998); accord Shendock v. Dir., Office of

Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990).  These limits, when completely extinguishing the right previously created, deprive courts of jurisdiction.  Ellis, 160 F.3d at 706.

In Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998), the U.S. Supreme Court held that "section 1635(f) completely extinguishes the right of rescission at the end of the three year period."  Id. at 412.  The court stated:

> Section 1635(f) . . . takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well.  The subsection says nothing in terms of bringing an action but instead provides that the 'right of rescission [under the Act] shall expire' at the end of the time period.  It talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitation on the time for seeking a remedy superfluous.  There is no reason, then, even to resort to the canons of construction that we use to resolve doubtful cases, such as the rule that the creation of a right in the same statute that provides a limitation is some evidence that the right was meant to be limited, not just the remedy.

Id. at 417, quoting § 1635(f), citing Midstate Horticultural Co. v. Penn. R.R. Co., 320 U.S. 356, 560 (1943); Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 427, n. 2 (1965); Davis v. Mills, 194 U.S. 451, 454 (1904).  The court concluded, "We respect Congress's manifest intent by concluding that the Act permits no federal

right to rescind, defensively or otherwise after the 3-year period of § 1635(f) has run." Id. at 419.

Likewise, the Ninth Circuit Court of Appeals has held that section 1635(f) represents an "absolute limitation on rescission actions," which bars any claims filed more than three years after the consummation of the transaction. King v. California, 784 F.2d 910, 913 (9th Cir. 1986). Therefore, § 1635(f) is a statute of repose, depriving this Court of subject matter jurisdiction when a § 1635(f) claim is brought outside the three-year limitation period. Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002).

In this case, the date of the consummation of the transaction for the First Mortgage was January 30, 2006. Therefore, Plaintiff had until January 30, 2009, before the rescission rights expired. As of this date, Plaintiff still has not named Wells Fargo, who is the owner of the First Mortgage, as a defendant to this case nor is there any evidence in the record to show that Wells Fargo has any notice of the complaint or the existence of the lawsuit. Because Plaintiff did not attempt to rescind against the proper entity within the three-year limitation period, her right to rescind has expired.[2]

---

[2] It is also, therefore, too late for Plaintiff to amend her complaint to now add Wells Fargo as a Defendant, and thereby "relate back" to circumvent the expiration of the statutory period, as is sometimes allowed by Fed. R. Civ. Pro.

Plaintiff argues that she can seek rescission from "any or all of the assignees," regardless of whether they are the current holder of the loan. (Pl.'s Mem. in Opp'n to Mot. for Summ. J. at 3.)  Plaintiff seemingly misunderstands the legal ramifications of an assignment by insisting that Defendant was the current owner of the First Mortgage when the complaint was filed on July 18, 2008. (Id., stating, "The defendant as owner of both the first and second mortgage received . . . the complaint for rescission[.]")(emphasis added).

An assignment is a "transfer or setting over of property, or of some right or interest therein, from one person to another[.]" Alexander M. Burrill, A Treatise on the Law and Practice of Voluntary Assignments for the Benefit of Creditors § 1 at 1 (James Avery Webb ed., 6th ed. 1894).  Once a valid and unqualified assignment is made, all interests and rights of the assignor are transferred to the assignee; the assignor losses all control over the thing assigned,

---

15(c).  Rule 15(c) may not be used to extend federal jurisdiction.  The Federal Rules of Civil Procedure may not "abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).  See USM Corp. v. GKN Fasteners Ltd., 578 F.2d 21, 22 (!st Cir. 1978)(holding, "Rule 15 is not to be viewed as enlarging or restricting federal  jurisdiction.  The doctrine of relating back in time to the original pleadings does not affect the jurisdiction of the district court here in any manner."); and Fed. R. Civ. P. 82 ("[FRCP] shall not be construed to extend or limit the jurisdiction of the United States district courts . . . .").

and cannot do anything to defeat the assignee's rights. See 6A C.J.S. Assignments § 112, p. 1158.

In this case, Option One assigned its interests and rights in the First Mortgage to Wells Fargo. As such, it may no longer assert dominion over the assigned loan. By the mere fact of the assignment, the assignor impliedly guarantees or agrees that he or she will not thereafter interfere with the thing assigned, or do anything to defeat or impair the value of the assignment. See Lonsdale v. Chesterfield, 99 Wash. 2d 353 (1983). Indeed, any act of dominion by the assignor over the thing assigned, depriving the assignee of title or right to possession, is a conversion for which the assignor may be held liable in tort. 6A C.J.S. Assignments § 112, p. 1158. Option One, therefore, lacks the authority to grant a rescission of the loan or affect any of Wells Fargo's rights or interests to the assignment.

Furthermore, the Ninth Circuit has made clear that an obligor who wishes to cancel a loan must provide actual notice within the three year limitation period to the actual holder of the loan when the notice is given. Miguel, 309 F.3d at 1164-65 (holding that district court lacked subject-matter jurisdiction over mortgage dispute with bank, lender's servicing agent, since borrower did not attempt to rescind against the proper entity within a three-year limitation period,

and her right to rescind expired). Because Plaintiff did not rescind against the proper entity within the three-year limitation period, her right to rescind has expired, therefore relieving this Court of subject matter jurisdiction on this issue.

II.     Second Mortgage

The right to rescind does not arise in all credit transactions in which a security interest in the consumer's principal residence is granted. Originally, the Congressional purpose in creating the statutory rescission right was to protect home owners from certain sharp practices of home improvement contractors (and those financing such contractors), by creating a rescission right for home improvement loans that were secured by residential mortgages on existing dwellings. Heuer v. Forest Hill Bank, 728 F. Supp. 1199, 1200 (D. Md. 1989). This federal remedy was thought necessary to protect consumers against surprise and oppression stemming from mortgages unwittingly executed on homes to pay for often questionable "home improvements." N.C. Freed Co., Inc. v. Board of Governors of the Federal Reserve System, 473 F.2d 1210, 1214-15 (2d Cir.), cert. denied 414 U.S. 827 (1973). Given this Congressional purpose, it is clear that the Congress did not intend the rescission obligation (or disclosure of it) to extend to a loan whose predominant purpose is to enable the borrower to acquire a new residential structure.

Thus, the rescission provision of TILA contains a specific exemption for a "residential mortgage transaction," which is defined in the statute as: "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's swelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w)

Under TILA, a residential mortgage transaction includes the initial construction financing of the principal dwelling, as well as a permanent loan to satisfy the construction financing. See 12 C.F.R. 226, Supp. I 2(a)(24)(4)(1998). Moreover, the exemption applies whether it is the same lender providing the permanent financing or an entirely different lender. Id. In addition, as long as proceeds from the loan are used to acquire the home, the residential mortgage transaction exemption applies, even if some proceeds are used for other purposes.

In this case, Plaintiff obtained the Second Mortgage in order to purchase the fee interest in the Property pursuant to the Sales Contract, and does not dispute that the Second Mortgage constitutes a residential mortgage transaction. (Pl.'s Mem. in Opp'n at 4.) Although Plaintiff concedes that

§ 1635(e)(1) generally bars rescission of a residential mortgage transaction, Plaintiff insists that § 1635(i)[3] circumvents the restriction of 1635(e)(1) and allows for the rescission of a residential mortgage transaction when the lender commences foreclosure. Defendant counters that Plaintiff has not provided evidence that a foreclosure process is in progress, and therefore does not meet her burden to rebut a motion for summary judgment.

This Court finds Defendant's argument regarding the Second Mortgage unpersuasive. First, courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (acknowledging that courts must construe pro se prisoner motions and pleadings liberally); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the

---

[3] Section 1635(i) states, "Notwithstanding section 1649 of this title, and subject to the time period provided in subsection (f) of this section, in addition to any other right of rescission available under this section for a transaction, after the initiation of any judicial or nonjudicial foreclosure process on the primary dwelling of an obligor securing an extension of credit, the obligor shall have a right to rescind the transaction equivalent to other rescission rights provided by this section, if (A) a mortgage broker fee is not included in the finance charge in accordance with the laws and regulations in effect at the time the consumer credit transaction was consummated; or (B) the form of notice of rescission for the transaction is not the appropriate form of written notice published and adopted by the Board or a comparable written notice, and otherwise complied with all the requirements of this section regarding notice.

plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."); Christensen v. CIR, 786 F.2d 1382, 1384 (9th Cir. 1986) (construing a pro se taxpayer's motion to "place statements in the record" as a motion to amend). Not only is Plaintiff acting pro se, she is also the non-moving party and therefore entitled to the interpretation most favorable to her position.

Second, evidence of an impending foreclosure is found in Exhibit A of Defendant's Motion for Summary Judgment, which states that the foreclosure auction was scheduled to take place July 25, 2008.[4] Taking this in the light most favorable to the non-moving party, it appears that Plaintiff has a colorable claim to the right of rescission of the Second Mortgage, and that there is a genuine issue of material fact as to whether a foreclosure proceeding is in progress.[5]

Rather than fight this point, however, Defendant is willing to allow the Second Mortgage to be cancelled provided that it first receives payment of the

---

[4] There is no mention by either party what transpired with this scheduled foreclosure.

[5] Although the statute is not clear whether 15 U.S.C. 1635(i) works to circumvent the exclusion of residential mortgage transactions from rescission, because Defendant does not dispute Plaintiff's interpretation and because there is factual question as to whether there is even a foreclosure proceeding in progress, this Court declines to resolve the statutory ambiguity.

principal amount of the loan, less such payments on the loan that were previously made. (Def.'s Reply Mem. at 5.) Defendant surmises that if Plaintiff is not entitled to rescind the First Mortgage, it is unlikely Plaintiff would be able to repay the Second Mortgage even if the case proceeded to trial and Plaintiff was able to establish that the proper notices were not provided with respect to the Second Mortgage. Therefore, Defendant encourages this Court to modify the sequence of rescission events to assure that Plaintiff could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits.

This Circuit has consistently held that TILA need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds. See, e.g., Palmer v. Wilson, 502 F.2d 860 (9th Cir. 1974); Ljepava v. M.L.S.C. Props., Inc., 511 F.2d 935 (9th Cir. 1975); LaGrone v. Johnson, 534 F.2d 1360 (9th Cir. 1976); Yamamoto v. Bank of N.Y., 329 F.3d 1167 (9th Cir. 2003). Although courts have no discretion to alter TILA's substantive provisions, Semar v. Platte Valley Federal Savings & Loan Assoc., 791 F.2d 699, 705-06 (9th Cir. 1986), courts do have discretion in more procedural matters. Yamamoto, 329 F.3d at 1171. For example, "a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender." Id. (citing Palmer, 502 F.2d at 863-64).

15

The Ninth Circuit has explained that whether a decree of rescission should be conditional depends upon "the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." Palmer, 502 F.2d at 862. A court should pay particular attention to the nature of the violations and the borrower's ability to repay the proceeds. Yamamoto, 329 F.3d at 1173.

In this case, Plaintiff argues that Option One failed to provide her with "any" of the credit term disclosures required under TILA. (Pl.'s Compl. attached as Ex. A to Def.'s Mot. for Summ. J.) Failure to provide such material information, particularly when considered in the context of the remedial-penal nature of TILA, strongly militates against a conditional rescission. As such, this Court declines to exercise its discretion in issuing a conditional rescission. Because there exists a genuine issue of material fact as to whether foreclosure proceedings are in progress and, therefore, whether Plaintiff's purchase money mortgage is entitled to rescission, this Court DENIES Defendant's motion for summary judgment as to the Second Mortgage.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2009.



David Alan Ezra
United States District Judge

Zakarian v. Option One Mortgage Corp., CV No. 08-00368 DAE-KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.